**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION**

SHAWN D. CARRIER,

Plaintiff,

v. Case No. 5:26-cv-136-TKW-MJF

SHERIFF EDENFIELD, *et al.*,

Defendants.
_________________________________/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with two court orders, failed to pay the filing fee, failed to comply with the Local Rules, and failed to prosecute this action, the District Court should dismiss this action without prejudice.

### BACKGROUND

On May 19, 2026, Plaintiff, proceeding *pro se*, commenced this civil rights action on behalf of himself and two corporate entities. Doc. 1. Plaintiff also filed a first amended complaint asserting claims on behalf of himself and the two corporate entities. Doc. 3.

On June 4, 2026, the undersigned ordered Plaintiff to submit an amended complaint accompanied by a properly completed motion for

leave to proceed *in forma pauperis*. Doc. 6. The undersigned ordered Plaintiff to use the court-approved forms as required by Local Rule 5.7(A) and Local Rule 5.3. The undersigned imposed a compliance deadline of July 2, 2026, and warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action.

On June 25, 2026, Plaintiff filed a motion for leave to proceed *in forma pauperis*. Doc. 10. Plaintiff violated Local Rule 5.3 insofar as he did not use the court-approved forms required by Local Rule 5.3.

On June 29, 2026, Plaintiff filed a second amended complaint. Doc. 12. Plaintiff violated Local Rule 5.7(A) insofar as the complaint was not on the court-approved form required by Local Rule 5.7(A).

On August 31, 2026, the undersigned ordered Plaintiff to show cause why this case should not be dismissed for failure to comply with a court order and failure to comply with the Local Rules. Doc. 15. The undersigned also ordered Plaintiff to file an amended complaint on the court-approved form accompanied by payment of the filing fee or a properly completed motion to proceed *in forma pauperis*. *Id.* The undersigned imposed a compliance deadline of September 14, 2026, and

warned Plaintiff that the failure to comply likely would result in dismissal of this civil action. Plaintiff did not comply with that order.

## DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962). Furthermore, a district court may dismiss a civil action where a plaintiff fails to pay the filing fee. *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002). Plaintiff has failed to comply with two court orders, failed to pay the filing fee, failed to comply with the Local Rules, and failed to prosecute this civil action. Plaintiff has offered no excuse for his failures and, consequently, has not shown good cause. Accordingly, dismissal of this civil action is appropriate.

## CONCLUSION

Because Plaintiff failed to comply with two court orders, failed to

pay the filing fee, failed to comply with the Local Rules, and failed to prosecute this action, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Panama City, Florida, this 2nd day of October 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO THE PARTIES**

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**